Donald J. **DEVINE, Director, Office of Personnel Management, Petitioner,**

v.

**NATIONAL TREASURY EMPLOYEES UNION; and Clair V. Duff, Arbitrator, Respondents.**

**Appeal No. 83–1409.**

United States Court of Appeals, Federal Circuit.

July 2, 1984.

Michael A. Gordon, Washington, D.C., argued for petitioner. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen. and David M. Cohen, Director, Washington, D.C.

Steven Ash of Internal Revenue Service, Philadelphia, Pa., and Steven Abow, U.S. Office of Personnel Management, Washington, D.C., of counsel.

Mary W. Haller, Washington, D.C., argued for respondent. With her on the brief were Lois G. Williams, Director of Litigation and Kerry L. Adams, Asst. Director of Litigation, Washington, D.C.

Before RICH, DAVIS and BALDWIN, Circuit Judges.

RICH, Circuit Judge.

Petitioner, Donald J. Devine, as director of the Office of Personnel Management (OPM), here appeals an arbitral decision, filed November 12, 1982 (adhered to on request for reconsideration January 19, 1983) by Clair V. Duff, Arbitrator (Duff). Duff mitigated the penalty of removal originally imposed upon Ms. Zazenda Smith (Smith) by the Internal Revenue Service (IRS or agency) to an 11-month suspension. We affirm.

Smith was for seven years a tax auditor of the IRS, moving up in grade from GS–4 to GS–9. Her duties included the examination and auditing of complete tax returns. She was removed from the service because of an administrative investigation which concluded that Smith had falsified documents to enhance her performance record as a GS–9 auditor, and had made false verbal statements to her supervisor on May 27, 1981. Smith took her removal to arbitration pursuant to the terms of the collective bargaining agreement between the National Treasury Employees Union and the IRS.

Duff found Smith guilty of the charge and also found a nexus between this type of conduct and the efficiency of the service. Duff, in assessing the agency's choice of penalty, expressly applied the standards set forth by the Merit Systems Protection Board (MSPB) in *Douglas v. Veterans Administration*, 5 MSPB 313 (1981). *Douglas* lists 12 factors "that are relevant for consideration in determining the appropriateness of a penalty." 5 MSPB at 331. Duff mitigated Smith's removal to the lesser penalty of an 11-month suspension without pay.

■ Election to review this case is *discretionary* with this court pursuant to 5 U.S.C. § 7703(d), which allows for review "in 'exceptional' cases where the MSPB or arbitrator erred in its application of civil service law *and* the decision will have a substantial impact on civil service law." *Devine v. Sutermeister*, 724 F.2d 1558, 1566 (Fed.Cir.1983).

Devine contends that Duff "misapplied the *Douglas* standards in substituting his own judgment in regard to the choice of an appropriate penalty for that of the agency," discussing *Douglas* saying:

Under the *Douglas* standards, an arbitrator who has found the charges supported by a preponderance of the evidence and has found a nexus between the charges and the efficiency of the service, may mitigate the penalty selected by the agency only when such penalty is arbi-

trary, capricious, an abuse of discretion, not in accordance with law, unsupported by substantial evidence or unreasonable. Devine continues, saying:

> To the extent that [*Sutermeister*] ... modified or changed the role of an arbitrator from that exercised by the MSPB in his or her relationship to the review of the agency's discretionary power to select a penalty, the decision was in error.

We disagree with Devine's contentions that certain portions of *Sutermeister* are in error. Section III of the opinion in *Sutermeister*, 724 F.2d at 1564–66, squarely addressed the contention that "an arbitrator [is] bound to the precedents of the MSPB," and found that "position to be unsupported ...." 724 F.2d at 1565. This court went on to say:

> Whether the MSPB *might have* reached a contrary conclusion is simply not relevant to our review of the arbitrator's award, which was rendered pursuant to authority given him by agreement of the parties to the arbitration and pursuant to law. [Emphasis ours.]

 Duff, in a well reasoned opinion, addressed all the issues relating to Smith's removal, and considered the individual *Douglas* factors which he found applicable. The possibility that the MSPB might have reached a different result is insufficient to show that Duff abused his discretion in mitigating Smith's penalty.

While not in itself dispositive, we note the procedural history of this case. On October 5, 1983, a motions panel of this court denied respondent's motion to dismiss the petition on the grounds of non-prosecution, untimeliness, and lack of sufficient basis for statutory review. That decision is important when, as in this case, our review of the case is *discretionary* under 5 U.S.C. § 7703(d), which allows for review "in 'exceptional' cases where the MSPB or arbitrator erred in its application of civil service law *and* the decision will have a substantial impact on civil service law." *Sutermeister*, 724 F.2d at 1566. *Sutermeister* was decided December 14, 1983, and both parties have extensively ad-

dressed its applicability to the present appeal. Accordingly, we address the propriety of this appeal in light of *Sutermeister*. Our authority to review the award of an arbitrator derives from 5 U.S.C. § 7121(f).

In *Sutermeister*, the OPM appealed an arbitral award reinstating Richard Walton as a Customs Entry Aide, after he had been removed for falsifying his employment application. This court, in addressing the question whether an arbitrator's balancing of the factors concerning mitigation can ever be appealable under 5 U.S.C. § 7703(d) stated:

> [M]itigation is essentially a matter of judgment closely tied to the facts of this case, precisely the type of issue which OPM should not petition for review. It would frustrate the purpose of the limited, discretionary appeal provision of section 7703(d) [5 USC] for OPM to request that this court decide issues that clearly will not have a substantial impact on civil service law.

We hold that Devine has failed to show in this case how Duff's award is "exceptional" within the meaning of *Sutermeister*. We are not convinced that to allow the decision to stand will have a substantial impact on civil service law. 724 F.2d at 1566. Had this appeal been filed post-*Sutermeister*, our discretion to entertain jurisdiction to review the case should have been denied.

Accordingly, since jurisdiction has already been granted by denial of the motion to dismiss, the merits have been adjudicated and Duff's award mitigating Smith's penalty from removal to an 11-month suspension is *affirmed.*

AFFIRMED.