**Harold G. WHITE, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**Appeal No. 85–710.**

United States Court of Appeals, Federal Circuit.

July 25, 1985.

Alfred J. Weisbrod of Alfred J. Weisbrod Co., L.P.A., Troy, Ohio, argued for petitioner. With him on brief was William K. James.

William J. Snider, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and M. Susan Burnett, Asst. Director; Stephen E. Alpern, Associate Gen. Counsel, Washington, D.C., Kevin B. Rachel, U.S. Postal Service, Washington, D.C., of counsel.

Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and BALDWIN, Circuit Judge.

BALDWIN, Circuit Judge.

The decision of the Merit Systems Protection Board (board), 22 M.S.P.R. 452, —— MSPB ——, affirming petitioner's removal for off-duty misconduct, is affirmed.

*Background*

While driving his automobile on a darkened country road at approximately 10:00 p.m. on June 20, 1981, Harold G. White, petitioner, hit two bicycle riders. One bicycle rider was left dead at the scene; the second was seriously injured. Police investigators found pieces of a broken headlight and side light lens on the roadway and in the grass at the scene. These identified the automobile as a 1979 Oldsmobile Delta 88. On Wednesday, June 24, 1981, the Ohio State Police received an anonymous tip that petitioner owned a silver 1979 Oldsmobile Delta 88 and that he had not driven his car to work all week. Following an unsuccessful attempt to locate the car, the police confronted petitioner, who admitted his involvement in the accident.

In a statement to the police, petitioner claimed not to have known what he hit, but admitted that he knew he had hit something. He said he failed to stop because he had panicked. Petitioner said he read about the fatal hit and run accident in the newspaper the next morning, put "two and two together," then went to his uncle's house to have his car repaired.

Petitioner led police officers to the car, which was then located at his uncle's house in another town. The vehicle had damage to the right front side; the outside right headlight, sidelight, and headlight door were missing; and the windshield was missing except for some small pieces.

Petitioner's uncle, Kermit Townsend, made a statement to police to the effect that although petitioner may not have known what he hit the night before, he definitely knew by Sunday morning that he had been involved in a fatal accident. Mr. Townsend said that petitioner asked him to repair the car, and that he consented to do so only after petitioner promised to turn himself in.

Petitioner was arrested and arraigned on charges of vehicular homicide and leaving the scene of an accident. On July 24, 1981 the Postal Service issued a letter of indefinite suspension pending resolution of those charges. Petitioner was found not guilty of vehicular homicide and guilty of leaving the scene of an accident by jury trial on September 29, 1981. On October 8, 1981, petitioner was indicted on the felony charge of tampering with the evidence relating to the same accident. On October 27, 1981, the Postal Service issued a notice of proposed removal, based on the conviction for leaving the scene of an accident, and a notice of proposed indefinite suspension for the felony indictment of tampering with the evidence. On November 19, 1981, the Postal Service issued separate letters of decision removing him from the Postal Service effective December 11, 1981 for the conviction and suspending him indefinitely effective November 23, 1981 because of the indictment. The indictment was dismissed in February of 1983.

Petitioner appealed to the board the Postal Service's decisions to remove and indefinitely suspend him. By decision issued April 13, 1982, the presiding official reversed the Postal Service's actions, finding no nexus between petitioner's criminal conviction for leaving the scene of an accident and the efficiency of the service.

The Postal Service filed a petition for review with the board. The board granted the petition, reversed the decision of the presiding official, and sustained the removal and suspension actions of the Postal Service. A timely notice of appeal was filed by petitioner with this court.

Petitioner asserts that the board decision finding nexus between his off-duty misconduct and the efficiency of the service is unsupported by substantial evidence.

OPINION

■ The Postal Service is limited by statute to taking action "only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). This "nex-

us" limitation requires the agency to show by a preponderance of the evidence the necessary connection between the employee's off duty misconduct and the employee's job-related responsibilities. *Brown v. Department of Transportation, Federal Aviation Administration*, 735 F.2d 543, 548 (Fed.Cir.1984). A determination of nexus, one factor in a removal decision, must be affirmed on appeal if supported by substantial evidence. See *VanFossen v. Department of Housing & Urban Development*, 748 F.2d 1579, 1580 (Fed.Cir.1984). Substantial evidence means "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached." *Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir. 1984).

 We conclude that the board's finding of nexus between the criminal conviction and the efficiency of the service is supported by substantial evidence. We agree with the board that petitioner's criminal conviction for leaving the scene of an accident cast grave doubts as to petitioner's trustworthiness and reliability. Although petitioner argues that the record fails to establish adverse community reaction resulting from petitioner's misconduct, the board had before it ample record evidence of extensive adverse media coverage including television and newspaper reports as well as numerous telephone calls and letters from the public. An aggravating factor relied on by the board is that petitioner occupied a position of responsibility within the Postal Service. As postmaster, he was the highest postal official in the community, interacted with postal customers, and occupied a position of trust and stature. *See Brewer v. United States Postal Service*, 647 F.2d 1093, 1098, 227 Ct.Cl. 276 (1981), *cert. denied*, 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982).

We also conclude that a nexus existed between the efficiency of the service and petitioner's criminal indictment for tampering with evidence which resulted in his indefinite suspension.

Petitioner was suspended from November 23, 1981 to December 11, 1981. At the time the Postal Service was considering the suspension, it had before it the indictment and the police reports, which clearly gave rise to a reasonable belief that petitioner had committed the offense of tampering with the evidence. In the circumstances presented by this case, the board determined that the Postal Service showed by a preponderance of the evidence that it had reasonable cause to believe that petitioner had committed a crime for which a sentence of imprisonment might be imposed, and that his suspension pending the charge was necessary to promote the efficiency of the Postal Service.

We agree with the board's determination as it is not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence or otherwise not in accordance with law. 5 U.S.C. § 7703(c). Accordingly, we *affirm*.

AFFIRMED.