831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Constance HORNER, Director, OPM, Petitioner,
v.
James HARDY and Afge, Local 1395, Respondents.
 
 Appeal No. 87-3125
 United States Court of Appeals, Federal Circuit.
 September 11, 1987.
 Before MARKEY, Chief Judge, and RICH and DAVIS, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner (OPM) seeks review of arbitration award FMCS No. 85K/01933 that reinstated James Hardy (Hardy), with back pay, to his position as Teleservice Representative at the Social Security Administration, Department of Health and Human Services (agency). We affirm.
 
 OPINION
 
 2
 The arbitrator did not err in interpreting any civil service law, rule, or regulation. 5 U.S.C. Sec. 7703(d). Nor does OPM cite any such law, rule, or regulation as erroneously interpreted. As OPM's briefs recognize, the arbitrator fully accepted and applied the presumption of nexus that arises between Hardy's egregious conduct and conviction and the efficiency of the service. By definition, and under the requirements of due process, that presumption, like all presumptions, is rebuttable. The arbitrator properly placed the rebuttal burden on Hardy. Graybill v. United States Postal Serv., 782 F.2d 1567, 1573 (Fed. Cir.), cert. denied, ---- U.S. ----, 107 S. Ct. 462 (1986); Crofoot v. United States Gov't Printing Office, 761 F.2d 661, 664 (Fed. Cir. 1985); Merritt v. Department of Justice, 6 MSPB 493, 509 (1981).
 
 
 3
 A review of the entire record refutes OPM's assertion that the arbitrator's decision would have a substantial impact on a civil service law, rule, regulation, or policy directive, 5 U.S.C. Sec. 7703(d), because, says OPM, the arbitrator's failure to apply the same 'substantive standards' that the Merit Systems Protection Board (Board) would have applied will encourage forum shopping.
 
 
 4
 OPM's quarrel is with the arbitrator's judgment and assessment of the evidence as sufficient to rebut the presumption. In its briefs, OPM seizes on only part of that evidence, saying at the outset that the arbitrator 'erred' in finding the presumption 'overcome by [Hardy's] good conduct and behavior during employment before conviction', and thereafter attacking only the weight it believes the arbitrator gave to the seriousness of Hardy's crime and the statements about co-workers' fears. Whether a nexus presumption has been overcome is a factual question. White v. United States Postal Serv., 768 F.2d 334, 336 (Fed. Cir. 1985); Brown v. Department of Transp., 735 F.2d 543, 548 (Fed. Cir. 1984). In determining that factual question, the arbitrator did not focus on one factor, but looked to the entirety of the evidence, in accord with this court's statement that 'each such case must turn on its individual facts'. Hayes v. Department of the Navy, 727 F.2d 1535, 1539 (Fed. Cir. 1984).
 
 
 5
 The arbitrator noted that: Hardy's killing of his girl friend's paramour was one of passion in his personal life and was entirely unrelated to his job; Hardy's contact with agency clients was solely on the telephone; Hardy's relationship with co-workers was one of distance; Hardy had never threatened anyone on the job; Hardy performed his stressful job well and without discipline following his indictment and throughout his employment; Hardy acted with restraint when physically attacked in an unrelated matter by an aggressive co-worker; office efficiency had not been adversely affected; there had been no increase in requests for sick leave and no request for transfer; there was no loss of office productivity; the agency did not suspend Hardy, but permitted him to work for the two years pending his indictment; the testimony about co-worker attitude reflected subjective fears insufficient to overcome the objective evidence indicating that Hardy's continued employment would not adversely affect the efficiency of the service.
 
 
 6
 OPM's and Hardy's conflicting conjectures on how the Board would have decided the present case do not facilitate review of the arbitrator's decision. Each conjecture and each case cited in its support rests on selected portions of the evidence. Further, that the arbitrator and the Board must apply the 'same substantive rules', Cornelius v. Nutt, 472 U.S. 648, 660-61 (1985), means that each must apply the same principles of civil service law, not that each must reach the same conclusion whenever an employee is convicted of a particular type of crime. OPM's assertion that forum shopping will result because Hardy will be returned to work when others guilty of the same or a lesser crime were not is an inappropriate exercise in result-orientation, in disregard of the entire evidence, including that indicating the presence here and the absence in other cases of evidence rebutting the presumption of nexus with the efficiency of the service. Finally, this court has held that arbitrator decisions will not be reversed on the mere premise that the Board might have drawn a different conclusion from the evidence. Devine v. National Treasury Employees Union, 737 F.2d 1031, 1033 (Fed. Cir. 1984); Devine v. Sutermeister, 724 F.2d 1558, 1566 (Fed. Cir. 1983).
 
 
 7
 Because the arbitrator's decision is not in conflict with civil service statutory or regulatory authority it must be affirmed. Sutermeister, 724 F.2d at 1566.
 
 
 8
 DAVIS, Circuit Judge, dissenting.
 
 
 9
 In my view, it has been established that any deliberate killing of another human--whether or not committed on or because of the job--amounts to 'egregious' conduct which, in itself, constitutes the nexus between the offense and the efficiency of the service. Wathen v. United States, 527 F.2d 1191 (Ct. Cl. 1975), cert. denied, 429 U.S. 821 (1976); Graybill v. Postal Service, 782 F.2d 1567, 1573-74 (Fed. Cir. 1986). I think, too, that there was no adequate reason for the arbitrator to overrule the agency's affirmative determination that such nexus existed.