835 F.2d 872
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Weldon L. WADE, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 87-3270.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1987.
 
 Before PAULINE NEWMAN and BISSELL, Circuit Judges, and COWEN, Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board ("Board"), No. SL07528610232 (May 7, 1986), affirming the decision of the Department of Justice (the "agency") to remove Weldon L. Wade from his position as Correctional Officer at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, for misconduct, dishonesty, and sexual harassment is affirmed.
 
 OPINION
 
 2
 Wade first argues that the agency failed to establish a nexus between his removal and "either the employee's ability to accomplish his ... duties satisfactorily or some other legitimate governmental interest promoting the 'efficiency of the service.' " Brief of Petitioner, page 22 (quoting Doe v. Hampton, 566 F.2d 265, 272 (D.C.Cir.1977)). This argument is without merit. Clearly, the removal of a correctional officer who has been shown to be dishonest and, as the AJ stated, "has demonstrated a sustained tendency to seriously abuse weaker or helpless people who are under his control ..." benefits the efficiency of supervising federal prisoners. John D. Brush, the agency's deciding official, explained that honesty and integrity of each prison staff member was critical to the organization's success. Warden Petrovsky reiterated this view.
 
 
 3
 The AJ found that Wade made numerous intentional and material misstatements and omissions on various employment applications and falsified his back pay claim. These findings alone support the conclusion that Wade exhibited a lack of credibility that would adversely affect the efficiency of the service. In addition, however, it was demonstrated that Wade engaged in a pattern of abusive conduct toward weaker individuals or individuals wholly under his control, assaulting three female employees and two female patients. The AJ was justified in deeming such conduct by a correctional officer inappropriate. Accordingly, substantial evidence supports the AJ's conclusion that the employee's misconduct is likely to have an adverse effect upon the agency's functioning. See Mings v. Department of Justice, 813 F.2d 384, 389-90 (Fed.Cir.1987) (citing White v. United States Postal Serv., 768 F.2d 334, 335-36 (Fed.Cir.1985); Brown v. Department of Transp., FAA, 735 F.2d 543, 547 (Fed.Cir.1984)).
 
 
 4
 Wade next argues that the Board's decision was not supported by substantial evidence. More specifically, Wade states that the AJ "completely disregarded [his] explanation of events and the reason they took place. If she had not done this, then there would not have been sufficient evidence to sustain her decision." However, the AJ placed less reliability on Wade's version of the events due to his past inconsistent statements and his demeanor at the hearing. This court has repeatedly held that such credibility determinations are "virtually unreviewable...." Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (citations omitted).
 
 
 5
 Wade last argues that the penalty of removal was excessive. As we have consistently held, however,
 
 
 6
 the court cannot and will not disturb a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis demonstrating reasonableness.
 
 
 7
 Dominguez v. Department of Air Force, 803 F.2d 680, 684 (Fed.Cir.1986) (citation omitted). Having carefully considered the record in the present case, we find no lawful ground upon which to disturb the penalty imposed by the agency.
 
 
 8
 In conclusion, we affirm since we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982).