56 F.3d 80
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James B. KING, Director, Office of Personnel Management, Petitioner,
v.
Martin AVALOS, Respondent.
 No. MISC. 422.
 United States Court of Appeals, Federal Circuit.
 May 8, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON OPM PETITION FOR REVIEW
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) petitions for review of an arbitrator's decision ordering the reinstatement of Martin Avalos. Avalos opposes.
 
 
 2
 Avalos was employed as a plumbing foreman for the Federal Bureau of Prisons in Danbury, Connecticut. In February 1994 the Bureau removed Avalos for sexually harassing a female inmate. Avalos challenged his removal before an arbitrator.
 
 
 3
 The arbitrator chastised the Bureau for its slow four-month investigation and for failing to interview Avalos for a lengthy period of time. The arbitrator was critical generally of the Bureau's investigation. Additionally, the arbitrator concluded that the deciding official ignored a "second plausible scenario" when the deciding official believed the inmate's story rather than Avalos's story. The arbitrator refused, however, to make a finding on the truthfulness of the involved parties. The arbitrator concluded:
 
 
 4
 For these reasons, my decision to return Martin Avalos to employment is based on the prejudicial way in which the investigation was handled, on the long delay before his side of the story was listened to, on the refusal of Washington authorities to take action, and on the use of lie detector results to determine questions of credibility.
 
 
 5
 In other words, the record raises too many questions and leaves too many uncertainties to raise the Administration's proof to the level required to sustain a termination for just and sufficient cause and to promote the efficiency of the service.
 
 
 6
 In addition, I find that the interests of justice do not require the award of attorney's fees in this case.
 
 
 7
 The arbitrator thus reversed Avalos's removal.
 
 
 8
 OPM petitioned for reconsideration. The arbitrator denied reconsideration. OPM's petition for review to this court followed.
 
 
 9
 Pursuant to 5 U.S.C. Secs. 7121(f) and 7703(d), OPM may seek review of a final arbitrator's decision if it determines, in its discretion, that the arbitrator erred in interpreting a civil service law, rule, or regulation and that the decision will have a substantial impact on the administration of the civil service. This court must independently determine whether the decision will have a substantial impact on civil service law. Devine v. Sutermeister, 724 F.2d 1558, 1562 (Fed. Cir. 1983).
 
 
 10
 OPM is understandably concerned with some of the remarks made by the arbitrator in his decision.* OPM is also concerned with the way the arbitrator weighed the evidence. Notwithstanding these concerns, the statutory scheme does not contemplate review by this court of the propriety or impropriety of such decisions if they do not meet the statutory criteria. The arbitrator in this case did not interpret, rely, or even mention a civil service law or regulation. Section 7703(d) requires that the final decision involve the interpretation thereof before OPM may seek review of the order. See Horner v. Schuck, 843 F.2d 1368, 1372 (Fed. Cir. 1988). Further, the arbitrator's decision is tied to the particular facts of the case. As this court advised in Sutermeister, review should not be sought in cases involving a matter of judgment that is closely tied to the facts of the case. Sutermeister, 724 F.2d at 1566. See also Devine v. National Treasury Employees Union, 737 F.2d 1031, 1033 (Fed. Cir. 1984). This case, therefore, does not satisfy the requirements of Sec. 7703(d) and will not have a substantial impact on the administration of civil service law.
 
 
 11
 Accordingly,
 
 IT IS ORDERED THAT:
 
 12
 OPM's petition for review is denied.
 
 
 
 *
 For example, the arbitrator stated:
 
 
 I
 do not claim any special gift of divining the truth of the conflicting statements of two persons where they both seem to be sincere in their belief to recollect correctly, and I am aware how my own personal bias could color my reaction to the stories of Martin Avalos and Lori McGee
 As a man, I am aware of the commonly held belief that men are apt to dismiss claims of sexual harassment by women; as a white person, I am alert that the words of a Jamaican are said to carry little weight; and as a person who had not run afoul of criminal laws, I am cognizant of the smug superiority I could feel over a convicted sinner who stands accused of having lied at her trial....