**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KRISSY WINTER,<br>             Appellant, | DOCKET NUMBER<br>SF-0752-15-0467-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>             Agency. | DATE: February 18, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bobbie Bowling, Stockton, California, for the appellant.

Matthew E. Hughes, Esquire, Washington, D.C., for the appellant.

Nancy C. Rusch, Esquire, Stockton, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. We therefore DENY the petition for review and AFFIRM the initial decision.

¶2　　Effective April 5, 2015, the agency removed the appellant from her Material Examiner and Identifier position, in the agency's Defense Logistics Agency Distribution division based on the following charges: (1) off-duty misconduct based on her arrest for felony burglary and related charges, and (2) absence without leave (AWOL). Initial Appeal File (IAF), Tab 6 at 22-25, 40-43. In sustaining both charges against the appellant, the deciding official considered the appellant's oral reply to her proposed removal and that the state reduced her charges from felony burglary to misdemeanor shoplifting because of the effect of California Proposition 47,[2] not because of "any change in the articulation of facts."[3] *Id*. at 22-23. The deciding official also considered the *Douglas* factors in deciding to the remove the appellant. *Id*. at 23-24, 30; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981).

¶3　　The appellant filed a timely appeal with the Board challenging her removal. IAF, Tab 1. She alleged that the agency committed harmful procedural error

---

[2] For an explanation of California Proposition 47, *see infra* ¶ 9.

[3] The court dismissed the appellant's charge of second-degree burglary and accepted the appellant's nolo contendere plea to a charge of misdemeanor shoplifting. IAF, Tab 14 at 10. We note that the appellant's oral response to her proposed removal addressed the charge of off-duty misconduct but not the AWOL charge. IAF, Tab 13 at 5.

based on the agency's decision to change the deciding official during the removal process. IAF, Tab 16 at 1-2. After holding a hearing, *id.*, the administrative judge issued an initial decision affirming the appellant's removal. The administrative judge found that the agency proved both charges by a preponderance of the evidence; that the appellant failed to prove her affirmative defense of harmful procedural error; that the agency met its burden of proof as to nexus; and that the penalty of removal was reasonable. IAF, Tab 19, Initial Decision (ID).

¶4    The appellant filed a petition for review arguing that her removal was unreasonable. Petition for Review (PFR) File, Tab 1. On review, the appellant does not challenge the administrative judge's finding that she failed to prove her affirmative defense of harmful procedural error. The agency responded in opposition to the appellant's petition for review.[4] PFR File, Tab 3.

The administrative judge correctly found that the agency proved the charge of AWOL.

¶5    To prove that the appellant was AWOL, the agency must show that she was absent during the stated period and that the absence was unauthorized or that a request for leave was properly denied. *Robb v. Department of*

---

[4] On September 24, 2015, the appellant's attorney filed an untimely reply to the agency's September 1, 2015 response to her petition for review. PFR File, Tab 3 at 5, Tab 7; *see* 5 C.F.R. § 1201.114(e) (a reply to a party's response to a petition for review must be filed within 10 days after the service date of the response). With the appellant's reply, the appellant's attorney submitted several exhibits, including a motion for an extension of time to reply, dated September 14, 2015, with an attached declaration in support of the motion, and an email submitted by the appellant's attorney to the Office of the Clerk of the Board on September 14, 2015. PFR File, Tab 7 at 18-21, 31-32. It appears from the certificate of service attached to the September 14, 2015 motion for an extension of time to reply and the September 14, 2015 email that the appellant's attorney transmitted the motion to the Office of the Clerk of the Board by email on September 14, 2015. *Id.* at 18-21. The agency opposed the appellant's September 24, 2015 submission. PFR File, Tab 8. The Board accepts electronic service solely through the Board's e-Appeal Online system and does not accept pleadings filed by email. 5 C.F.R. § 1201.14(d). Thus, because the appellant's attorney failed to properly file the motion for an extension of time to reply, we do not consider the appellant's September 14, 2015 motion or the appellant's September 24, 2015 reply.

*Defense,* [77 M.S.P.R. 130](#), 132-33 (1997).  An AWOL charge may be sustained even when the agency fails to prove that the employee was AWOL for the entire period charged.  *Senior v. U.S. Postal Service*, [85 M.S.P.R. 283](#), 289 (2000).  The administrative judge found that the agency proved the AWOL charge by preponderant evidence because the appellant submitted no medical documentation to support her claim that she was sick on October 10, 2014, and there was no evidence that she requested additional leave to cover the 24 hours of AWOL charged between October 10-15, 2014.  ID at 6-7.  We agree.

¶6        On review, the appellant reasserts the arguments she made on appeal that she informed her supervisor that she would be absent and that she had available leave to cover her absence while incarcerated.  PFR File, Tab 1 at 1; IAF, Tab 14 at 6, 13.  Even if we were to assume that the appellant reasonably believed that the agency could not charge her with AWOL because she had available leave, we find that the record does not support her contention that the agency unreasonably denied her request to use sick leave to cover her absence while incarcerated on October 10, 2014.  *See Senior*, 85 M.S.P.R. at 289.

The administrative judge correctly found that the agency proved the charge of
off-duty misconduct.

¶7        The notice of proposed removal states, inter alia, that on or about October 19, 2014, the appellant was arrested for three felony charges of burglary and related charges and that she "pleaded no contest to one count of burglary" at her November 24, 2014 preliminary hearing.  IAF, Tab 6 at 40-41.  The agency charged the appellant with off-duty misconduct based on the circumstances surrounding her arrest for felony burglary and related charges, as detailed in the sheriff's report and her admissions therein.  *Id*.  The sheriff's report, which is part of the record on appeal, states that the appellant received her *Miranda* rights before admitting on October 9, 2014, that she cut the security device from a television, which she could not afford to purchase, and she left the store with the television in her cart without paying for it.  *Id*. at 62.  The sheriff's report also

states that Target's loss prevention officer observed the appellant on the store's video surveillance system, when she cut the security device from the television, hid it, and concealed various items in bags and exited the store without paying. *Id*. at 61.  The sheriff's report further states that the appellant's daughter confirmed that the appellant planned to steal the television and that her daughter told the appellant to leave the cart and the store.  *Id*. at 63-64.  In deciding to remove the appellant, the agency's deciding official concluded that the version of events set forth in the sheriff's report was more credible than the version of events set forth in the appellant's oral response to her proposed removal.  *Id*. at 22.  The administrative judge determined that the appellant entered a plea to having engaged in illegal activity and that the agency proved the off-duty misconduct charge.  ID at 5-6.

¶8        The appellant argues on review that the agency removed her for felony burglary and AWOL but the criminal charge was lowered to misdemeanor shoplifting; therefore, she should get her job back.  PFR File, Tab 1 at 3.  We disagree.  The agency did not specify that it was removing the appellant based on a felony burglary conviction.  The agency's proposal to remove the appellant accurately states that the appellant was arrested "for felony burglary and related charges," and the removal decision letter accurately states that the charges were reduced to misdemeanor shoplifting because of "Proposition 47" and "not any change in the articulation of facts."  IAF, Tab 6 at 22-23, 40.

¶9        California Proposition 47, a law which passed on November 4, 2014, allows people to change certain low-level nonviolent felonies, such as petty theft/shoplifting under $950, to misdemeanor offenses by filing a form with the court and providing a copy to the district attorney.[5]  *See* Cal. Penal Code § 1170.18.  The appeal record included a court document indicating that the appellant successfully changed the felony offense to misdemeanor shoplifting

---

[5] *See* Changing Your Record Under Proposition 47, Californians for Safety and Justice, http://www.safeandjust.org/recordchange (last visited Feb. 18, 2016).

pursuant to California Proposition 47, and she does not dispute this fact on review.  IAF, Tab 6 at 49; *see* ID at 5.

¶10     Although the appellant argues that she received information that reducing the charges from a felony to a misdemeanor would get her job back, her argument fails to identify any legal basis for canceling her removal.  PFR File, Tab 1 at 1. The appellant also argues that she only admitted to taking the items so that the security officer would let her leave the store, and that she entered a plea of no contest to the charge of misdemeanor shoplifting upon the advice of her defense attorney.  *Id*.  The administrative judge found, and we agree that, the doctrine of collateral estoppel applies to bar the appellant from denying the offenses for which she accepted legal responsibility under her nolo contendere plea that resulted in her misdemeanor shoplifting conviction.  ID at 5-6; *see Loveland v. U.S. Air Force*, 34 M.S.P.R. 484, 490-91 (1987).  We discern no reason to disturb the administrative judge's finding that the agency proved the charged off-duty misconduct by preponderant evidence.

The agency proved nexus between the appellant's misconduct and the efficiency of the service.

¶11     The appellant argues on review that her off-duty misconduct had nothing to do with her job, which challenges the administrative judge's finding that the agency proved nexus between her misconduct and the efficiency of service.  PFR File, Tab 1; ID at 10-12.  An agency may show nexus between off-duty misconduct and the efficiency of the service by three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission.  *Hoofman v. Department of the Army*, 118 M.S.P.R. 532, ¶ 16 (2012), *aff'd*, 526 F. App'x 982 (Fed. Cir. 2013).

¶12     The administrative judge found that the agency established nexus by demonstrating that the appellant's misconduct adversely affected the agency's trust and was potentially damaging to the agency's reputation because her arrest was reported in a local newspaper and publicly known to her coworkers.  ID at 11-12; Hearing Compact Disc (HCD) (testimony of the deciding official).  The deciding official testified that the appellant's job duties involved working in a facility full of expensive electronics and that she could no longer trust the appellant after her arrest for shoplifting electronics and other items.[6]  HCD (testimony of the deciding official).  Based on the foregoing, we find that the agency proved the connection between the appellant's off-duty misconduct and her job-related responsibilities.  ID at 12; *see White v. U.S. Postal Service*, 768 F.2d 334, 335-36 (Fed. Cir. 1985).

¶13     We further find that the administrative judge properly found nexus as to the sustained charge of AWOL.  Showing up for work when expected is an essential element of employment and inherently connected to the efficiency of service.  ID at 12; s*ee Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶ 8 (2009).  The deciding official determined that the appellant's failure to report for work while incarcerated burdened her coworkers and had a negative impact on the agency's mission.  IAF, Tab 6 at 23; HCD (testimony of the deciding official).  Based on our review, we find no reason to disturb the administrative judge's finding on nexus.

The removal penalty was reasonable.

¶14     Where, as here, the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors and exercised management discretion within tolerable limits of reasonableness.    *Woebcke v. Department of Homeland*

---

[6] Although the appellant argues on review that "the managers were not quite truthful at the hearing," she offers no factual basis or record citations to support her allegation. PFR File, Tab 1 at 1.

*Security*, [114 M.S.P.R. 100](#), ¶ 7 (2010); *Douglas*, 5 M.S.P.R. at 306.  The Board has articulated factors to be considered in determining the propriety of a penalty, such as the nature and seriousness of the offense, the employee's past disciplinary record, the supervisor's confidence in the employee's ability to perform her assigned duties, the consistency of the penalty with the agency's table of penalties, and the consistency of the penalty with those imposed upon other employees for the same or similar offenses.  *Douglas*, 5 M.S.P.R. at 305-06.

¶15    The Board places primary importance upon the nature and seriousness of the offense, and its relation to the appellant's duties, position, and responsibilities.  *Rackers v. Department of Justice*, [79 M.S.P.R. 262](#), 282 (1998), *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999) (Table).  All of the factors will not be pertinent in every instance, and so the relevant factors must be balanced in each case to arrive at the appropriate penalty.  *Douglas*, 5 M.S.P.R. at 306.  In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency.  *Woebcke*, [114 M.S.P.R. 100](#), ¶ 7.  The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that it clearly exceeded the bounds of reasonableness in determining the penalty.  *Harris v. U.S. Postal Service*, [100 M.S.P.R. 613](#), ¶ 13 (2005).

¶16    The appellant challenges the administrative judge's finding that removal was a reasonable penalty.  Specifically, the appellant argues on review that the removal penalty is unreasonable because her work record was exceptional, she was never in trouble before, and the table of penalties for a first AWOL offense ranges from a reprimand to a 14-day suspension.  PFR File, Tab 1 at 1.  The appellant further argues that the agency did not remove other employees for their first AWOL offenses, and the agency should not persecute her for her off-duty misconduct because she already had her "day in court."  *Id*.  For the reasons explained below, we find that the appellant's arguments on review do not show

that the agency failed to weigh the relevant factors or that the agency clearly exceeded the bounds of reasonableness in determining the penalty.

¶17     The record reflects that the deciding official removed the appellant because of her proven off-duty misconduct and AWOL after considering the appellant's fully successful work history, her lack of prior discipline, her length of service, the mitigating factors in her case, the adequacy of other sanctions, and other *Douglas* factors.  IAF, Tab 6 at 23-24**,** 30; HCD (testimony of the deciding official).  The deciding official concluded that the appellant had no potential for rehabilitation because she was not truthful when apprehended, she "tried to excuse her theft by implying she was laid off at work, and she did not admit her criminal conduct.  IAF, Tab 6 at 24; HCD (testimony of the deciding official).  The deciding official further testified that she was disturbed by the discrepancies between the appellant's statements to the agency about the incident at Target and the facts stated in the sheriff's report.  HCD (testimony of the deciding official).  The deciding official also determined that removing the appellant was within the range suggested in the agency's table of penalties and was consistent with the penalty imposed for other employees who recently had engaged in on-duty thefts and there were no instances of  off-duty thefts.  IAF, Tab 6, Subtab 4D, Tab 13 at 16.

¶18     The administrative judge found that the deciding official considered the relevant *Douglas* factors and reasonably exercised management discretion in deciding to remove the appellant for her proven off-duty misconduct and AWOL. Having considered the appellant's arguments on review, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human*

*Services*, 33 M.S.P.R. 357, 359 (1987) (same).  We therefore deny the petition for review and affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at    http://www.mspb.gov/probono    for    information    regarding    pro    bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.