**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GINA HARRELL,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
AT-0752-16-0818-I-2

DATE: June 29, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gina Harrell</u>, Hampton, Georgia, pro se.

<u>Patricia Edgehille</u>, Norwood, Massachusetts, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her indefinite suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    On July 14, 2016, the agency proposed indefinitely suspending the appellant, a GS-14 Postal Inspector, based on a two-count Accusation filed in state court and supported by county police reports charging her with one count of Following Too Closely and one count of Hit and Run, offenses for which the agency claimed it had reasonable cause to believe she had committed a crime for which a sentence of imprisonment may be imposed. *Harrell v. U.S. Postal Service*, MSPB Docket No. AT-0752-16-0818-I-1, Initial Appeal File (IAF), Tab 1 at 1, 10-12. After granting the appellant an extension of time to respond to the proposal, the agency issued its decision to indefinitely suspend her, effective August 18, 2016, and continuing until the resolution of the criminal charges against her.[3] *Id.* at 8-9.

---

[3] Although the agency initially appeared to be relying on the crime exception to shorten the advance notice period, the record reflects that the agency gave the appellant more than 30 days' notice before effecting her suspension, issuing its notice on July 14, 2016, and, after extending the time for her response, effecting the appellant's indefinite suspension on August 16, 2016. IAF, Tab 1 at 6-10; *see* 5 U.S.C. § 7513(b); *see also Perez v. Department of Justice*, 480 F.3d 1309, 1311-12 (Fed. Cir. 2007).

¶3    In her appeal to the Board, the appellant argued that the agency lacked the requisite reasonable cause to indefinitely suspend her.  *Id.* at 6.  She also claimed disparate treatment, arguing that another employee in her division was placed on administrative leave, rather than on an indefinite suspension, after he allegedly possessed a firearm on agency property.  *Id.*  The agency moved to dismiss the appeal without prejudice until the resolution of the criminal charges, and the appellant responded in opposition, requesting a prompt ruling on the agency's motion.  IAF, Tabs 11, 13-14.  The administrative judge granted the agency's motion and dismissed the appeal without prejudice until the criminal charges against the appellant were resolved.  IAF, Tab 15, Initial Decision.

¶4    The appellant, who was represented by counsel below, promptly refiled her appeal, and, "to alleviate any concern the Board has with her testifying" while her criminal matter was still pending, she withdrew her request for a hearing, as well as her affirmative defenses, and requested that the administrative judge promptly decide the matter on the written record.  *Harrell v. U.S. Postal Service*, MSPB Docket No. AT-0752-16-0818-I-2 (I-2 AF), Tab 1.  Based on the appellant's waiver of her hearing request and affirmative defenses, the administrative judge issued an order setting a date for the close of the record and allowing the agency an opportunity to object to the refiling of the appeal.  I-2 AF, Tab 2.  The parties subsequently entered joint stipulations into the record in which the appellant acknowledged that the Henry County Police Department had arrested and charged her by Accusation in criminal court with Following Too Closely and Hit and Run.  I-2 AF, Tab 4 at 4.  Both parties also submitted closing briefs.  I-2 AF, Tabs 5-6.

¶5    On the written record, the administrative judge issued an initial decision that affirmed the appellant's indefinite suspension, finding that the police reports the agency relied upon were sufficient to provide a reasonable basis for suspending her.  I-2 AF, Tab 7, Initial Decision (ID) at 8-10.  Moreover, the

administrative judge found that, because the Accusation[4] filed by the district attorney, which charged the appellant with one count of Following Too Closely, in violation of Official Code of Georgia Section 40-6-49, and one count of Hit and Run; Duty of Driver to Stop at or Return to Scene of Accident, in violation of Official Code of Georgia Section 40-6-270, carried a potential statutory penalty that included incarceration, the Accusation provided reasonable cause to believe that the appellant committed a crime for which a sentence of imprisonment could be imposed. ID at 8-9. The administrative judge also found that the indefinite suspension was reasonable and had an ascertainable end and that the agency proved there was a nexus between the appellant's alleged misconduct and the efficiency of the service. ID at 10-11.

¶6        In her timely filed petition for review, the appellant contends that the agency relied on incomplete evidence because it failed to independently follow up on her explanation for what happened or to interview the sole eyewitness to the event. Petition for Review (PFR) File, Tab 1 at 4. She asserts that she always has taken responsibility for the accident and did not intentionally leave the scene. *Id.* The agency responds in opposition to the petition for review. PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶7        An indefinite suspension lasting more than 14 days is an adverse action appealable to the Board under 5 U.S.C. § 7513(d). 5 U.S.C. § 7512(2); *e.g.*, *Henderson v. Department of Veterans Affairs*, 123 M.S.P.R. 536, ¶ 5 (2016), *aff'd*, 878 F.3d 1044 (Fed. Cir. 2017). To establish that an indefinite suspension is valid, the agency must show the following: (1) it imposed the suspension for an authorized reason; (2) the suspension has an ascertainable end; (3) there is a

_____

[4] The administrative judge also found that the Accusation filed by the Henry County District Attorney's office was entitled to the same evidentiary weight as a criminal indictment issued by a grand jury. ID at 9.

nexus between the alleged misconduct and the efficiency of the service; and (4) the penalty is reasonable. *Henderson*, 123 M.S.P.R. 536, ¶ 5. As relevant here, one authorized circumstance for imposing an indefinite suspension is when the agency has reasonable cause to believe that an employee has committed a crime for which a sentence of imprisonment could be imposed. *Id.*; *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 13 (2010) (enumerating a nonexhaustive list of the three circumstances in which the Board and our reviewing court have approved the use of an indefinite suspension).

¶8        As noted above, the administrative judge found that the agency had reasonable cause, based on the Accusation filed by the district attorney, to believe that the appellant had committed a crime for which a sentence of imprisonment could be imposed and that the suspension had an ascertainable end, bore a nexus to the efficiency of the service, and was a reasonable penalty under the circumstances. ID at 8-11. On review, the appellant generally reasserts the arguments she set forth below, but she only specifically challenges the administrative judge's finding of reasonable cause. PFR File, Tab 1 at 4. She asserts that the administrative judge mistakenly interpreted the law and argues that the agency erred by failing to conduct its own investigation into the alleged misconduct. *Id.* For the following reasons, we disagree.

¶9        The Board has found that "reasonable cause" in the context of an indefinite suspension based on possible criminal misconduct is virtually synonymous with "probable cause," the standard necessary to support a grand jury indictment, i.e., probable cause to believe that a crime has been committed and that the accused has probably committed it. *Henderson*, 123 M.S.P.R. 536, ¶ 7. An arrest warrant alone is insufficient to meet this standard; however, the warrant "coupled with" other factual material obtained from a criminal complaint and supporting allegations may provide the agency with reasonable cause. *Henderson*, 878 F.3d at 1049-50 (citing *Dunnington v. Department of Justice*, 956 F.2d 1151, 1157-58 (Fed Cir 1992)). Moreover, as a general rule, a formal judicial determination

following a preliminary hearing or an indictment following an investigation and grand jury proceedings is sufficient to meet the reasonable cause standard. *Id.* at 1050 (citing, among other cases, *Dunnington*, 956 F.2d at 1157).

¶10   We agree with the administrative judge that both the police reports and the Accusation filed by the district attorney sufficiently provide the reasonable cause necessary to sustain the appellant's indefinite suspension. ID at 8-10; IAF, Tab 5 at 12-22, 25-26. The touchstone of a finding of "reasonable cause" must be whether the agency had sufficient facts to provide a sound basis for its action. *Ellis v. Department of Veterans Affairs*, 60 M.S.P.R. 681, 683 (1994) (citing *Dunnington*, 956 F.2d at 1157). The administrative judge found the sum of the agency's evidence in support of its decision to indefinitely suspend the appellant showed that she struck a bicyclist from behind while she was driving and that she failed to either stop or render aid. ID at 8; IAF, Tab 5 at 12-22. The evidence recounted the statement of an eyewitness who saw the bicyclist fly through the air and then followed the appellant's car as she left the scene and reported her license plate number to the police. IAF, Tab 5 at 13. The statement of a police officer involved in the investigation recounted the fact that the appellant already had filed a claim with her insurance company and was at a collision repair shop to have her vehicle fixed when he tracked her down in the aftermath of the accident. *Id.* at 17. Several officers remarked that they found car parts at the scene of the accident, including a passenger side rear view mirror, which matched the description of the appellant's vehicle. *Id.* at 13, 17, 19. In light of the strength of this evidence, we discern no error in the agency's decision not to conduct an independent investigation. *See Hernandez v. Department of the Navy*, 120 M.S.P.R. 14, ¶¶ 15-16 (2013) (finding that the reasonable cause requirement was satisfied, notwithstanding that the agency proposed the indefinite suspension based upon court documents and did not conduct an independent investigation into the criminal charges, because the district attorney had filed a complaint and the employee had been ordered to appear for a jury trial); *see also Henderson*,

878 F.3d at 1050 (finding that the agency had no obligation to conduct further investigation after the appellant's indictment before suspending him and suggesting that such an investigation would in fact be disfavored).

¶11    We also agree with the administrative judge's finding that the indefinite suspension in this matter has an ascertainable end, i.e., resolution of the criminal charges against the appellant, that the agency demonstrated the requisite nexus between the appellant's misconduct and the efficiency of the service, and that the penalty is within the bounds of reasonableness.  ID at 10-11; *see White v. U.S. Postal Service*, 22 M.S.P.R. 452, 454-57 (1984) (sustaining the indefinite suspension of a Postmaster indicted for tampering with evidence following his attempt to get his car repaired after a hit and run accident), *aff'd*, 768 F.2d 334 (Fed. Cir. 1985).  The appellant does not specifically challenge these findings on review.  Accordingly, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               /s/ for
_____

                             Jennifer Everling
                             Acting Clerk of the Board
Washington, D.C.