# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

<table>
<tr><td>BOONE RICHARDSON BRANTLEY, SR.,<br><br>     Appellant,<br><br>     v.<br><br>UNITED STATES POSTAL SERVICE,<br>     Agency.</td><td>DOCKET NUMBER<br>DA-0752-14-0590-I-3<br><br><br>DATE: April 15, 2016</td></tr>
</table>

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>A. Brian Henson</u>, Esquire, and <u>Christopher D. Vaughn</u>, Esquire, Decatur, Georgia, for the appellant.

<u>Theresa M. Gegen</u>, Esquire, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained his indefinite suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's claim of disparate penalties, we AFFIRM the initial decision.

¶2       Effective July 14, 2014, the agency indefinitely suspended the appellant, from his position as an EAS-18 Postmaster for improper conduct, specifying that the agency had reasonable cause to believe that he committed a crime that could result in his imprisonment. *Brantley v. U.S. Postal Service*, MSPB Docket No. DA-0752-14-0590-I-1, Initial Appeal File (IAF), Tab 5 at 23, 28. The agency based the indefinite suspension on the appellant's arrest on felony charges of accessory after the fact to armed robbery with a firearm, which carried a possible term of imprisonment. IAF, Tab 5 at 28. The charges arose from the appellant's attempt to protect his son who was a suspect in the police investigation of an armed robbery. *Id*. at 42; *Brantley v. U.S. Postal Service*, MSPB Docket No. DA-0752-14-0590-I-3, Refiled Appeal File (RAF), Tab 11 at 3-4. The agency cancelled his suspension and returned him to duty after he pled guilty to an amended charge of resisting arrest.

¶3       The appellant filed an appeal of his indefinite suspension with the Board and requested that the administrative judge make a decision based on the written

record.[2]  RAF, Tabs 1, 13.  The appellant also raised an affirmative defense alleging disparate treatment based on his race (Caucasian), and he withdrew his request for a hearing.  RAF, Tab 8, Tab 11 at 3-4, Tab 15 at 2.  Following the submission of evidence, the administrative judge issued an initial decision affirming the appellant's indefinite suspension.  RAF, Tab 21, Initial Decision (ID) at 1.

¶4      The administrative judge sustained the agency's charge finding that there was reasonable cause to believe that the appellant committed a crime for which a sentence of imprisonment could be imposed.  ID at 5.  The administrative judge also found that the indefinite suspension was reasonable and had an ascertainable end and that the agency proved there was a nexus between the alleged misconduct by the appellant and the efficiency of the service  ID at 6, 10.  In addition, the administrative judge found that the appellant failed to prove his affirmative defense based on race, and that the deciding official considered all the relevant factors in deciding to suspend the appellant indefinitely.  ID at 10, 13.

¶5      The appellant filed a petition for review arguing that the agency failed to consider the consistency of his penalty with the penalty imposed on another employee, a District Safety Manager, who received paid administrative leave during the agency's investigation of her arrest based on a charge of aggravated battery (two counts).  Petition for Review (PFR) File, Tab 1 at 4-8.  The agency opposed his petition and submitted evidence that the agency removed the alleged comparator after the initial decision was issued in this appeal.  PFR File, Tab 3 at 17.  The appellant argued in reply that the agency failed to explain why he received an unpaid indefinite suspension and the alleged comparator received

---

[2] The administrative judge dismissed the appellant's first and second (refiled) appeals without prejudice to refiling.  IAF, Tab 11, Initial Decision at 1; *Brantley v. U.S. Postal Service*, MSPB Docket No. DA-0752-14-0590-I-2, Tab 10, Initial Decision at 1.  The case before the Board on review involves the appellant's petition for review of the initial decision issued in his third refiled appeal.  RAF, Tab 21, Initial Decision; Petition for Review File, Tab 1.

paid administrative leave during the agency investigations following their arrests. PFR File, Tab 4.

<u>The administrative judge properly found that the agency proved the charge that it had reasonable cause to believe that the appellant had committed a crime for which a sentence of imprisonment may imposed.</u>

¶6       To sustain an indefinite suspension, the agency must show:  (1) it imposed the suspension for an authorized reason; (2) the suspension has an ascertainable end, i.e., a determinable condition subsequent that will bring the suspension to a conclusion; (3) the suspension bears a nexus to the efficiency of the service; and (4) the penalty is reasonable.  *Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 9 (2011).  One of the authorized circumstances for imposing an indefinite suspension is when the agency has reasonable cause to believe an employee has committed a crime for which a sentence of imprisonment could be imposed, pending the outcome of the criminal proceeding or any subsequent agency action following the conclusion of the criminal process.  *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 13 (2010).  The U.S. Court of Appeals for the Federal Circuit has held that "[a]n inquiry into the propriety of an agency's imposition of an indefinite suspension looks only to facts relating to events prior to suspension that are proffered to support such an imposition." *Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1380 (Fed. Cir. 2007). The Federal Circuit also has held that "an indictment following an investigation and grand jury proceedings, would provide, absent special circumstances, more than enough evidence of possible misconduct to meet the threshold requirement of reasonable cause to suspend."  *Dunnington v. Department of Justice*, 956 F.2d 1151, 1157 (Fed. Cir. 1992).

¶7       The administrative judge found that the agency had reasonable cause to believe that the appellant committed a crime punishable by imprisonment based on the undisputed evidence of his indictment on a felony charge of accessory after the fact to armed robbery with a firearm, which carried a possible term of

imprisonment of up to 5 years. ID at 4. The administrative judge further found that, when that the agency proposed to suspend the appellant indefinitely, the agency had access to the documentation supporting his arrest, including a Bill of Information, a warrant, an affidavit for arrest warrant, and the Union Parrish Sheriff's Office Event Attachment Report. ID at 4-5. On review, the appellant does not challenge the administrative judge's finding that the agency had reasonable cause to believe that he committed a crime punishable by imprisonment when the agency proposed his July 14, 2014 indefinite suspension, and we discern no reason to disturb the administrative judge's findings on this issue. ID at 5.

The administrative judge properly found that the agency proved that the indefinite suspension had an ascertainable end.

¶8        For an indefinite suspension to be valid, it must have an ascertainable end. *See Harding v. Department of Veterans Affairs*, 115 M.S.P.R. 284, ¶ 15 (2010), *aff'd*, 451 F. App'x 947 (Fed. Cir. 2011). The Board has found that an indefinite suspension based on the existence of pending criminal charges has an ascertainable end, i.e., the resolution of the criminal proceedings that are the grounds for the suspension. *Id*., ¶ 17. In the decision letter, the agency informed the appellant that his suspension would continue until the termination of the criminal proceedings against him and for a reasonable time after the agency determined its course of action based on the disposition of his criminal charges. IAF, Tab 3 at 23. The administrative judge found, and we agree, that the suspension had an ascertainable end. ID at 6. The appellant does not dispute this finding on review.

The administrative judge properly found that the indefinite suspension of the appellant promoted the efficiency of the service.

¶9        To show that an indefinite suspension promotes the efficiency of the service, the agency must establish a nexus between the alleged misconduct and the efficiency of the service. *Harding*, 115 M.S.P.R. 284, ¶ 21. An agency may show nexus between off-duty misconduct and the efficiency of the service by

three means:   (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission.  *Id*.

¶10    The deciding official stated that he lost confidence in the appellant, considering the nature and the gravity of his alleged off-duty criminal conduct and his position of trust in the community as the Postmaster in charge of a postal facility.  RAF, Tab 16 at 14.  The deciding official also stated that he lost trust in the appellant's ability to perform his duties, which involved making continual judgment calls, supervising employees, and ensuring safe delivery of the mail.  *Id.* at 14, 18.  The deciding official further stated that the media coverage of the appellant's misconduct adversely affected the agency's mission by diminishing the public's trust and confidence.  *Id*. at 18.  The administrative judge found, and we agree, that the agency proved that there was a nexus between the charged off‑duty criminal misconduct and the efficiency of the service.  ID at 6-7; *see Johnson v. Department of Health & Human Services*, 22 M.S.P.R. 521, 528‑29 (1984) (finding nexus between off‑duty criminal misconduct and the efficiency of the service).  The appellant does not dispute this finding on review.

The administrative judge properly found that the appellant failed to prove his affirmative defense of disparate treatment based on race.

¶11    In finding that the appellant failed to prove his affirmative defense of race discrimination, the administrative judge properly applied the analytical framework set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 51 (2015).  ID at 10-11.  Pursuant to *Savage*, an appellant may establish an affirmative defense of race discrimination using direct evidence or any of three types of circumstantial evidence: a convincing mosaic of evidence from which a discriminatory intent may be inferred, evidence of disparate treatment of similarly situated comparators, or evidence that the agency's stated reason is not worthy of

credence but rather a pretext for discrimination. *Id.*, ¶¶ 42-43. If an appellant shows by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action, in violation of 42 U.S.C. § 2000e-16, the Board will inquire whether the agency has shown by preponderant evidence that it still would have taken the contested action in the absence of the discriminatory or retaliatory motive. *Id.*, ¶¶ 49-51. If the agency meets that burden, its violation will not require reversal of the action. *Id.*, ¶ 51.

¶12     For another employee to be deemed similarly situated for purposes of an affirmative defense of discrimination based on disparate treatment, all relevant aspects of the appellant's employment situation must be "nearly identical" to that of the comparator employee. *Minh Tuyet Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 10 (2012). Thus, to be similarly situated, a comparator must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *Id.*

¶13     On appeal below, the appellant argued that he is a member of a protected class (Caucasian), that the agency subjected him to an adverse employment action based on his indefinite suspension, and that he received a harsher penalty than an African American employee who received paid administrative leave during the agency's investigation of her alleged criminal misconduct. RAF, Tab 11 at 3. The administrative judge found that the appellant failed to prove his disparate treatment claim based on race because the record was devoid of any facts to support his claim that the real reason for the agency's action was discrimination as opposed to the reason articulated by the agency. ID at 10. The administrative judge also found that the appellant failed to identify any similarly situated employee who was not a member of his protected group and was treated more favorably by the agency. ID at 12.

¶14     In reaching his decision, the administrative judge found that the appellant did not hold the same job as the African American employee he identified, that

they had different first-line supervisors, that the charges in their respective proposal letters were different, and that their alleged criminal misconduct was different. *Id.* The administrative judge also found that the agency considered placing the appellant on administrative leave, but that the appellant took sick leave the day after his arrest on January 30, 2014, and the agency granted the leave he requested under the Family and Medical Leave Act of 1993 (FMLA), from January 27, 2014, through June 14, 2015. ID at 13. The administrative judge further considered the agency's evidence that, under agency policy, an employee is not entitled to paid administrative leave if he is unable to report to work. *Id.* The administrative judge also noted evidence that the agency proposed to remove the African American employee for her alleged misconduct, which is harsher than the indefinite suspension penalty imposed on the appellant for his alleged misconduct. ID at 12.

¶15     On review, the appellant does not dispute the administrative judge's finding that the record is devoid of any facts to support his claim that the real reason for the agency's action was discrimination, as opposed to the reason articulated by the agency. ID at 12. Based on our review of the record, we find no reason to disturb the administrative judge's finding on this issue. *See Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶¶ 6-7 (2014) (finding that alleged comparators were not similarly situated to the appellant, and therefore the appellant did not establish discriminatory treatment, because the charged misconduct and all of the relevant aspects of employment were not "nearly identical" to the appellant's); *Hodge v. Department of Homeland Security*, 114 M.S.P.R. 636, ¶¶ 9, 11-13 (2010) (denying a discrimination affirmative defense because there was no evidence that the suspension was motivated by discriminatory animus).

The administrative judge properly found that the penalty was reasonable.

¶16     Where, as here, the agency's charge is sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine

whether it is within the parameters of reasonableness.  *See Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996).  The factors that the Board will review in determining the reasonableness of the penalty include considering its consistency with the penalties imposed upon other employees for the same or similar offenses. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).   The appellant argues on review that the agency's penalty determination is not entitled to deference by the Board because the deciding official failed to consider whether the penalty was consistent with those imposed on similarly situated employees. PFR File, Tab 1 at 4.  We disagree.  The record reflects that the deciding official considered the relevant *Douglas* factors, including the consistency of the penalty imposed on other employees for same or similar offenses, in determining that the appellant's indefinite suspension was reasonable and promoted the efficiency of the service.  RAF, Tab 16 at 17-18; IAF, Tab 5 at 22‑23.

¶17        The appellant argues on review that the administrative judge applied the wrong standard to his claim of disparate penalties.  PFR File, Tab 1 at 5-6. Although not addressed in the initial decision, the record reflects that the administrative judge properly informed the appellant of his burden of proof on this issue.  RAF, Tab 15 at 2-3.  While the appellant's arguments below focus on his disparate treatment claim, *see Chavez v. Small Business Administratio*n, 121 M.S.P.R. 168, ¶ 19 (2014) (explaining that disparate penalty and disparate treatment are different theories that have different elements of proof), he appears to have attempted to raise a disparate penalties claim, i.e., a claim that the agency failed to conscientiously consider the "consistency of the penalty with those imposed upon other employees for the same or similar offenses," *Douglas*, 5 M.S.P.R. 280, 305; RAF, Tab 18 at 5-6.  We therefore modify the initial decision to address the appellant's contention, nonetheless finding his disparate penalties claim does not provide a basis for review.

¶18        The appellant's allegation that the agency treated him disparately to another employee, without claiming prohibited discrimination, is an allegation of

disparate penalties. *Lewis v. Department of Veterans Affairs*, [113 M.S.P.R. 657](), ¶ 5 (2010). The appellant has the initial burden of showing that there is enough similarity between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. RAF, Tab 15 at 2-3; *Boucher v. U.S. Postal Service*, [118 M.S.P.R. 640](), ¶¶ 20, 24 (2012). To "trigger" the agency's burden of production on disparate penalties, the appellant must show that there is enough similarity between both the nature of the misconduct and other factors, such as whether he and the comparator were in the same work unit, had the same supervisor and/or deciding official, and whether the events occurred relatively close in time, to lead a reasonable person to conclude that the agency treated similarly situated employees differently. RAF, Tab 15 at 2-3; *McNab v. Department of the Army*, [121 M.S.P.R. 661](), ¶ 5 (2014).

¶19        Here, however, we discern no evidence or argument on review indicating that there is enough similarity between both the nature of the appellant's misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *See Boucher*, [118 M.S.P.R. 640](), ¶¶ 20, 24. The appellant argued on appeal that he shared a second-level manager with the alleged comparator and that they engaged in similar conduct because they were subject to the same disciplinary standards and arrested for allegedly committing crimes that could result in imprisonment. RAF, Tab 11 at 3, Tab 18 at 12-13. We find, however, that the nature of their alleged misconduct and other factors lack sufficient similarity for a disparate penalties analysis. The undisputed record reflects that they held different positions and reported to different first‑line managers, and that different proposing and deciding officials took different adverse actions against them based on different charged misconduct after their arrests for allegedly committing different felony offenses under vastly different circumstances. RAF, Tab 16 at 24-29, Tab 18 at 12; IAF, Tab 5 at 37-62, 82-86. The alleged comparator's situation is also

distinguishable from the appellant's because he requested and received FMLA leave based on his medical inability to work immediately after his arrest on felony charges of accessory after the fact to an armed robbery with a firearm. RAF, Tab 17 at 21, 26. According to the sworn declaration of the District Human Resources Manager, the appellant was not entitled to paid administrative leave under agency policy based on his inability to work. RAF, Tab 17 at 16.

¶20 Moreover, the appellant does not dispute that the agency proved the charge underlying his indefinite suspension based on his indictment and his admissions in the documents supporting his arrest. ID at 4-5. In contrast, the alleged comparator received paid administrative leave during an agency investigation after her arrest for aggravated battery, which she claimed was self-defense. RAF, Tab 17 at 24; PFR File, Tab 3 at 17. After completing its investigation, but before the court decided her criminal case, the agency removed the alleged comparator from her Safety Manager position based on the charge that she assaulted a young woman by throwing bleach in her face. PFR File, Tab 3 at 17. The nature of her alleged misconduct and other factors are not similar to the appellant's, who remains employed by the agency as a Postmaster after his criminal conviction. RAF, Tab 17 at 22, 26, Tab 18 at 30.

¶21 Because the appellant failed to meet his initial burden of production, he failed to trigger the agency's burden of proving it had a legitimate reason for the different treatment by a preponderance of the evidence. *See Lewis*, 113 M.S.P.R. 657, ¶ 17. Accordingly, we need not consider the remaining arguments raised by the appellant disputing the evidence and argument submitted by the agency as proof that there was a legitimate reason for the difference in treatment. Moreover, unlike the appellant, the agency removed the alleged comparator before her criminal case for alleged aggravated battery was resolved by the court. PFR File, Tab 3 at 17. The agency did not treat the alleged comparator less harshly than the appellant who remains employed by the agency after pleading

guilty to an amended charge of resisting arrest.  RAF, Tab 17 at 22-23, Tab 18 at 30.

¶22    We find that the agency proved that the penalty was reasonable and consistent for the proven charge based on the relevant *Douglas* factors.  *See White v. U.S. Postal Service*, 22 M.S.P.R. 452, 454-57 (1984) (sustaining the indefinite suspension of a Postmaster indicted for tampering with evidence), *aff'd*, 768 F.2d 334 (Fed. Cir. 1985).  We therefore deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                            _____
                                                        William D. Spencer
                                                        Clerk of the Board

Washington, D.C.